## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BIRDELLA LOVE RAHHAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-377-JFH-GLJ** |
| | ) | |
| **ST. ANTHONY HOSPITAL,** | ) | |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiff's Complaint [Docket No. 2] and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Docket No. 3]. On October 24, 2025, the Court referred this matter to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 7]. For the reasons stated below, the undersigned Magistrate Judge recommends that this action be DISMISSED, *sua sponte*, and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be denied as MOOT.

### I.    Background and Procedural History

Plaintiff, Birdella Love Rahhal, proceeding *pro se*, filed this action on October 22, 2025, against the Shawnee Oklahoma St. Anthony Hospital and the Midwest City, Oklahoma, St. Anthony Hospital ("Defendants"). It appears Plaintiffs claims arise from a visit to one or both of these hospitals, but what precisely occurred during these visits is

unclear. Docket No 2, at p. 4. Ultimately, the Complaint sets forth no arguable claim, nor set of facts which would constitute a cliaim in law or fact against Defendants.[1]

## II.    Analysis

The Court reviews filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>     **(A)** the allegation of poverty is untrue; or
>     **(B)** the action or appeal—
>         **(i)** is frivolous or malicious;
>         **(ii)** fails to state a claim on which relief may be granted; or
>         **(iii)** seeks monetary relief against a defendant who is immune
> from such relief.

28 U.S.C. § 1915(e)(2).

A Plaintiff is not required to make out a perfect case in their complaint. Rather, [i]t suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264, 267 (10th Cir. 1994). Notwithstanding these provisions, courts may dismiss an action, *sua sponte*, pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall*, 935 F.2d at 1108. "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id.* (citations omitted). Moreover, a "trial court may dismiss a claim *sua sponte* without notice where the

---

[1] Because Plaintiff is proceeding *pro se*, the undersigned Magistrate Judge liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (a court construes a *pro se* party's pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers.").

claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

"*Sua sponte* dismissals are generally disfavored by courts." *Banks v. Vio Software*, 275 Fed. App'x. 800 (10th Cir. 2008). A court shall, however, dismiss a case at any time if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Indeed, the Tenth Circuit has instructed that a district court is *required* to dismiss an IFP claim that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-95 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Plaintiff fails to state a claim upon which relief can be granted and her arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*,

919 F.2d 1440, 1448 (10th Cir. 1990). Indeed, it is difficult to decipher Plaintiff's claims. Further, the relief sought and the basis for the Court's jurisdiction are indeterminable. Therefore, the undersigned Magistrate Judge finds Plaintiff's action fails to state a claim upon which relief can be granted and recommends that the matter be dismissed without prejudice and Plaintiff's Motion to proceed *In Forma Pauperis* [Docket No. 3] be denied as moot.

**CONCLUSION**

Plaintiff fails to articulate a plausible claim for which any relief can be granted, as the allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's action be DISMISSED without prejudice, for failure to state a claim upon which relief can be granted and Plaintiff's Motion to Proceed *In Forma Pauperis* [Docket No. 3] be denied as MOOT. Any objections to this Report and Recommendation must be filed within fourteen days, or by November 7, 2025. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**IT IS SO ORDERED** this 24th day of October 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**